**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DORENE HURT and GEORGE A. ALEXANDER, M.D., her husband, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Case No. _____ |

**COMPLAINT**

**I.   INTRODUCTION**

1. This is an action against the Defendant United States of America (U.S.A.) under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff Dorene Hurt, a retired U.S. Army Colonel, by the Walter Reed Army Medical Center ("Walter Reed"), Washington, DC, and Walter Reed National Military Medical Center ("WRNMMC"), Bethesda, MD, and their agents, servants, and/or employees.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, as compensation for personal injuries caused by the Defendant's negligence.

3. Pursuant to the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act, the Plaintiffs Dorene Hurt and George A. Alexander ("the Plaintiffs") provided timely written notice to the Defendant United States of America of their claims for money damages. The Standard Form 95 for each Plaintiff is attached, respectively, as Exhibit 1 and 2.

1

4.     A period of more than six months has transpired since the notices were given to the U.S.A.  The Defendant has not made a final disposition of the claims.  Accordingly, under 28 U.S.C. § 2675(a), the failure of the Defendant to make a final disposition constitutes a denial of the Plaintiffs' claims.

5.     Via Standard Form 95 and correspondence dated May 14, 2018, Plaintiffs have given the Defendant advance written notice of their intent to assert the medical negligence claims stated herein more than ninety (90) days prior to the filing of this action, pursuant to D.C. Code § 16-2802.

6.     Venue is laid in this judicial district pursuant to 28 U.S.C. § 1391(e).

**II.   PARTIES**

7.     At all times material hereto, Plaintiffs Dorene Hurt and George A. Alexander are and have been adults and married spouses residing together in the Commonwealth of Virginia.

8.     The United States Army is an Agency of the United States of America.  The United States of America, Defendant herein, through its agency, the United States Army, at all times material hereto, owned, operated and controlled the health care facilities known as Walter Reed, located in Washington, DC, and through its agency, the United States Army, staffed said health care facilities with its agents, servants, and/or employees.

9.     The Department of Defense is an Agency of the United States of America.  The United States of America, Defendant herein, through its agency, the Department of Defense, at all times material hereto, owned, operated and controlled the health care facilities known as WRNMMC, located in Bethesda, MD, and through its agency, the Department of Defense, staffed said health care facilities with its agents, servants, and/or employees.

10. At all times material hereto, all persons involved in the medical and health care services provided to Plaintiff Dorene Hurt at Walter Reed and at WRNMMC were agents, servants, and/or employees of the Department of the Army, the Department of Defense, the United States of America, or some other agency thereof, and were at all times material hereto acting within the course and scope of such employment.

### III. FACTS

11. On January 9, 2011, Plaintiff Dorene Hurt's primary care physician, Dr. (LTC) Shelton Davis, an active duty military officer assigned to the Walter Reed Physical Medicine and Rehabilitation clinic, ordered a non-emergency diagnostic MRI for Plaintiff Dorene Hurt due to her complaints of lingering neck pain following an earlier automobile accident.

12. On or about January 9, 2011, Ms. Hurt underwent the MRI at Walter Reed, which revealed by radiology report the presence of a right frontal 3.6 x 1.2 centimeter meningioma in her brain.

13. Ms. Hurt was not notified of this MRI diagnosis by her treating and ordering physician at Walter Reed, Dr. Davis, nor by the radiologist who read and interpreted the MRI at Walter Reed, Dr. Robert Shih, nor by anyone else in the Walter Reed Radiology Department, the Walter Reed Physical Medicine and Rehabilitation Clinic, or the U.S. military health care system.  None of these providers, or any other Walter Reed employee, ordered further tests, provided medical treatment or specialty referral, or took any other appropriate medical course of action consistent with this life-threatening diagnosis.

14. In or around August 2011, Walter Reed was closed, and responsibility for Ms. Hurt's medical care and the custody, access, and control of her medical records were transferred to WRNMMC.

15. After the closure of Walter Reed, no medical providers at WRNMMC or anyone else in the U.S. military health care system notified Ms. Hurt of her brain tumor.

16. Ms. Hurt and her husband, Plaintiff George A. Alexander, only learned of her brain tumor on or about February 20, 2014, from a physician at Inova Fairfax Hospital in Fairfax, Virginia, who by happenstance discovered it while treating Ms. Hurt for an unrelated injury, over three years later.

17. On or about February 20, 2014, Ms. Hurt's physician at Inova Fairfax Hospital determined that her brain tumor had grown substantially to 6.2 x 1.6 centimeters in size.

18. In 2011 and in 2014, the medically indicated treatment for Ms. Hurt's brain tumor was a surgical operation called resection.

19. On June 24, 2014, Plaintiff Hurt underwent a fronto-parietal meningioma resection and suffered a post-operative venous infarct, resulting in a stroke causing paralysis.

20. This surgical complication was caused by the growth and size of the brain tumor, which had been allowed to grow for over three years inside Ms. Hurt's brain since its discovery at Walter Reed in 2011.

21. Had Ms. Hurt known of the brain tumor in 2011, when it was first diagnosed by her treating physicians at Walter Reed, she would have had a surgical resection at that time.

22. Ms. Hurt would have been substantially less likely to suffer a post-operative stroke and paralysis or other adverse outcomes had the surgical procedure been performed in 2011, when the tumor was significantly smaller and less entrenched in her brain.

23. Moreover, the risk of recurrence of meningioma is now substantially higher due to the brain tumor's growth between 2011 and 2014.

IV.     **PRAYER FOR RELIEF**

24.     Plaintiffs incorporate by reference herein the earlier paragraphs of this Complaint.

25.     The medical staff at Walter Reed Army Medical Center were negligent in their care and treatment of Plaintiff Dorene Hurt in failing to timely notify her and treat her brain tumor or initiate other appropriate follow-up medical care on or after January 9, 2011.

26.     The medical staff of Walter Reed Army Medical Center and, subsequently, the Walter Reed National Military Medical Center, were negligent in their care and treatment of Plaintiff Dorene Hurt in failing to timely notify her and treat her brain tumor or initiate other appropriate follow-up medical care for over three years after their discovery of the meningioma, allowing the brain tumor to grow untreated during that time.

27.     The negligence of the Walter Reed Army Medical Center and Walter Reed National Military Medical Center staff, and the medical providers employed there, is imputed to the Defendant United States of America.

28.     As a direct and proximate result of the Defendant's negligence, Plaintiff Dorene Hurt has suffered and continues to suffer from numerous harms, including, but not limited to, a stroke, paralysis, decreased life expectancy, increased risk of recurrence of meningioma, severe neurological damage to her brain, strength deficits in the left arm and leg, severe neck, shoulder and arm pain, difficulty with ambulation and balance, poor concentration, poor memory, physical pain, severe mental pain and anguish, loss of independence, severe mental and emotional distress, anxiety, fear, humiliation, and depression.

29.     As a direct and proximate result of the Defendant's negligence, Plaintiffs Dorene Hurt and George A. Alexander have suffered and continue to suffer from numerous harms, including, but not limited to, pain and suffering, costs for future medical treatment and other

associated care, severe and enduring emotional distress, past and prospective lost income and benefits, loss of consortium, and loss of society, companionship, comfort, and services for the past and ongoing damage to their spousal relationship resulting from Dorene Hurt's injuries.

WHEREFORE, Plaintiffs Dorene Hurt and George A. Alexander demand judgment for damages, costs of this action and, to the extent allowed by law, prejudgment interest against the Defendant, the United States of America, as well as any other relief which the Court deems equitable, just and proper.

Dated: August 17, 2018          By:

MILLERMASCIOLA, ATTORNEYS AT LAW

*/s/ Peter R. Masciola*

Peter R. Masciola, Esq. (Bar No. 435156)
Tamara L. Miller, Esq. (Bar No. 458240)
800 Maine Ave SW, Suite 200
Washington, DC 20024
Tel: (202) 223-8181
Fax: (202) 318-0559
Peter.Masciola@MillerMasciola.com
Tamara.Miller@MillerMasciola.com

Counsel for Plaintiffs